UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO.: 2:13-CR-56 |
| | ) | |
| ANINDYA KUMAR SEN, M.D., *ET AL*. | ) | |

ORDER

The defendants[1] filed a joint motion, [Doc. 61], to dismiss the Second Superseding Indictment[2] for vindictive prosecution, prosecutorial misconduct and selective prosecution. Alternatively, the defendants move to compel discovery of prosecutorial abuses. The United States magistrate judge held a hearing and issued a Report and Recommendation ("RR"), [Doc. 92], recommendation that the motion be denied in its entirety. The defendants jointly objected to the magistrate judge's RR, [Doc. 103], and the United States has filed a Response, [Doc. 109].

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), a district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommending to which a party objects. Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* [3]

Specifically, the defendants argue that the magistrate judge's holding that "[t]he 'charges brought in the original Indictment were not the result of retaliation for exercise of a protected

---

[1] Defendant East Tennessee Cancer and Blood Center joined in the motion; however, the Indictment against this defendant has subsequently been dismissed, [Doc. 93].
[2] Subsequent to the filing of this joint motion, the United States filed a Third Superseding Indictment, [Doc. 94].
[3] Defendants appear to have requested oral argument on their objections. That request is DENIED as it does not appear that oral argument would significantly aid the Court in deciding the objections.

right, but rather was the permissible exercise of leverage under *Bordenkircher*'" is contrary to law. [Doc. 103, pg. 3] (quoting [Doc. 92, pg. 10). The defendants further argue that the United States' Indictment was vindictive. Although vindictiveness in a plea context is not necessarily a violation of due process, there are two exceptions. The defendants argue that both exceptions apply here. They are (1) "If the government uses the leverage of more serious charges to attempt to coerce a guilty plea, it must have probable cause to support the more serious charge; without probable cause, the government's action is impermissible" (applying to Dr. Sen) [Doc. 103, pgs. 3-4]; and (2) "The government cannot coerce a guilty plea from a defendant by threatening charges against a third-party that it has no probable cause to support" (applying to Ms. Posey Sen) [Doc. 103, pg. 4].

The defendants assert that the exceptions apply here because there was no probable cause to believe that Dr. Sen had committed a misbranding offense with the intent to defraud or mislead and no probable cause to believe that Dr. Sen had committed healthcare fraud as the United States suggested during plea negotiations. However, the United States sought an Indictment against Dr. Sen for these increased charges after the defendants turned down plea agreements to lesser offenses. The grand jury returned an Indictment on these increased charges. The record also establishes that the more serious charges were subsequently dropped against Dr. Sen in superseding indictments. In addition, the defendants have submitted the grand jury testimony when the increased charges were sought as evidence that there was a lack of probable cause. These transcripts were not before the magistrate judge.

It appears to this Court that what the United States did was permissible under *Bordenkircher v. Hayes*, 434 U.S. 357 (1978). The grand jury did in fact find probable cause for the increased charges. This Court finds that the grand jury's return of an indictment for the

2

increased charges establishes that there was probable cause; in turn, there was no vindictiveness since there was probable cause to levy the charges. *See United States v. Suarez*, 263 F.3d 468, 281 (6th Cir. 2001); *see also United States v. Powell*, 823 F.2d 996, 1000 (6th Cir. 1987). The grand jury transcripts, in this Court's mind, confirm the finding of probable cause.

After careful *de novo* consideration of the record as a whole, and after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein, it is hereby ORDERED that the defendants' objections are OVERRULED, that this Report and Recommendation is ADOPTED and APPROVED, [Doc. 92], and that motion to dismiss, [Doc. 61], be DENIED.

So Ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE